NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHELLE C.,

          Plaintiff,

v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

          Defendant.

Civil Action No. 21-17284 (MAS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Michelle C.'s ("Plaintiff")[1] appeal from the Commissioner of the Social Security Administration's (the "Commissioner") final decision, which denied Plaintiff's request for disability insurance benefits. (ECF No. 1.) The Court has jurisdiction to review this appeal under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Local Civil Rule 78.1. For the reasons below, the Court affirms the Commissioner's decision.

**I.   BACKGROUND**

In this appeal, the Court must answer two questions: *First*, whether the Administrative Law Judge (the "ALJ") erred in considering past work experience that fell outside the relevant fifteen-year period and *second*, whether the ALJ failed to appropriately characterize past relevant work as

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

a composite job because it comprised elements of multiple occupations. The Court begins with a brief background of the procedural history and the ALJ's decision.[2]

### A.   Procedural Posture

Plaintiff filed for disability insurance benefits on October 14, 2019, alleging a disability onset date of December 15, 2017. (AR 350-54, 422.) The Social Security Administration (the "Administration") denied the request both initially and upon reconsideration. (*Id.* at 90-111.) Thereafter, Plaintiff requested a hearing and on December 16, 2020, the ALJ held that hearing. (*Id.* at 34-57, 216-17.) In an opinion issued in March 2021, the ALJ determined that Plaintiff was not disabled. (*Id.* at 15-26.) Plaintiff appealed that decision, and the Administration's Appeals Council affirmed the ALJ's decision. (*Id.* at 1-5.) This appeal followed. (ECF No. 1.) Plaintiff filed her opening brief on April 10, 2022 (ECF No. 9), and the Commissioner filed an opposition brief on May 17, 2022 (ECF No. 10). Plaintiff did not reply.

### B.   The ALJ's Decision

In his March 1, 2021 written opinion, the ALJ concluded that Plaintiff was not disabled under the prevailing Administration regulations. (*See generally* AR 15-26.) The ALJ set forth the five-step process for determining whether an individual is disabled. (*Id.* at 16-17 (citing 20 C.F.R. § 404.1520(a)).) At step one, the ALJ found that Plaintiff did not "engage in substantial gainful activity" since the disability onset date. (*Id.* at 17 (citing 20 C.F.R. § 404.1571 *et seq.*).) At step two, the ALJ found Plaintiff suffered from severe impairments, including lumbar radiculopathy, myalgia, cervical spine degenerative disc disease, lumbar spine degenerative disc disease, left shoulder impingement, obesity, plantar fasciitis, right hip osteoarthritis, and trochanteric bursitis.

---

[2] The Administrative Record ("Record" or "AR") is available at ECF No. 5-1 through 5-9. The Court will reference the relevant page numbers in the Record and will not reference corresponding ECF page numbers within those files.

(*Id.* at 17-19 (citing 20 C.F.R. § 404.1520(c)).) At step three, the ALJ determined that Plaintiff did not have "an impairment or combination of impairments" that met the qualifications of the Administration's listed impairments. (*Id.* at 19 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).) Before proceeding to step four, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to "perform sedentary work" as the Regulations define that term. (*Id.* at 19-25 (citing 20 C.F.R. § 404.1567(a)).) At step four, the ALJ determined that Plaintiff is "capable of performing past relevant work as an administrative assistant and as an administrative clerk." (*Id.* at 25 (citing 20 C.F.R. § 404.1565).) As a result, the ALJ did not reach step five and determined that Plaintiff was not disabled. (*Id.* (citing 20 C.F.R. § 404.1520(f)).)

This appeal concerns the ALJ's analysis at step four. The ALJ found that Plaintiff could perform past relevant work which did not require her to engage in work-related activities that exceeded her RFC. (*Id.* (citing 20 C.F.R. § 404.1565).) In part, the ALJ relied on the testimony of the vocational expert (the "Vocational Expert"), Bethany Pyro, to determine that Plaintiff would be able to perform her past work as an administrative clerk and administrative assistant. (*Id.* at 15, 25.) The ALJ reviewed the evidence and compared the physical and mental demands of the past relevant work to the RFC and ultimately agreed with the Vocational Expert. (*Id.*) Also, the ALJ determined that the Vocational Expert's testimony was consistent with the information found in the Dictionary of Occupational Titles (the "DOT"). (*Id.*)

## II.  LEGAL STANDARD

### A.  Standard of Review

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the

3

cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not 'weigh the evidence or substitute [its own] conclusions for those of the fact-finder.'" *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)). Even if the court would have decided differently, it is bound by the Administrative Law Judge's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citation omitted). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (internal citation omitted).

### B.     Establishing Eligibility for Disability Insurance Benefits

To be eligible for disability insurance benefits, claimants must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a

continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). Under the statute, claimants are disabled only if their physical or mental impairments are "of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

Administration regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520. For the first step, claimants must establish that they have not engaged in any substantial gainful activity since the onset of their alleged disabilities. *Id.* § 404.1520(a)(4)(i). For the second step, claimants must establish that they suffer from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(a)(4)(ii). Claimants bear the burden of establishing the first two requirements, and failure to satisfy either one results in a denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The third step requires that claimants provide evidence that their impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If claimants demonstrate that they suffer from a listed impairment or that their severe impairment is equal to a listed impairment, they are presumed to be disabled and entitled to disability insurance benefits. *Id.* If they cannot so demonstrate, the eligibility analysis proceeds to step four. The fourth step of the analysis requires the ALJ to determine whether claimants' RFC permits them to resume previous employment. *Id.* § 404.1520(a)(4)(iv). If claimants' RFC permits previous employment, claimants are not "disabled" and not entitled to disability insurance benefits. *Id.* § 404.1520(f). The burden of persuasion rests with claimants in the first four steps. *Malloy v. Comm'r of Soc.*

*Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009). At the fifth step, the burden shifts to the Commissioner to demonstrate that claimants can perform other work consistent with their medical impairments, age, education, past work experience, and RFC. *Id.* If the Commissioner cannot satisfy this burden, claimants will receive disability insurance benefits. 20 C.F.R. § 404.1520(g).

### III.   DISCUSSION

Plaintiff appeals the Administration's Appeals Council's affirmance of the ALJ's decision. Her appeal is premised on two separate (but related) grounds: (1) the ALJ erred in considering past relevant work experience that fell outside of the fifteen-year lookback period and (2) the ALJ failed to appropriately characterize her past relevant work that comprised elements of more than one occupation. (Pl.'s Moving Br. 8-9, ECF No. 9.) The Court considers each alleged error in turn.

### A.   The ALJ's Consideration of Plaintiff's Past Employment is Not Harmful Error.

First, Plaintiff argues that the ALJ erred in considering her past employment as an administrative clerk at Thomas Maloro's monument company (the "Maloro Company") because she worked there more than fifteen years before the date she was last insured. (*Id.* at 12 (citing 20 C.F.R. § 404.1565(1)).) As emphasized by Plaintiff, when considering a claimant's past work, the Administration does "not usually consider [] work [a claimant did] 15 years or more before the time [the Administration] decid[es] whether [one is] disabled (or when the disability insured status requirement was last met, if earlier)." (*Id.* at 12 (citing 20 C.F.R. 404.1565(a).) In response, the Commissioner contends that Plaintiff's assertion is both unsupported and untimely. (Def.'s Opp'n Br. 4, ECF No. 10.) The Commissioner further argues that, in any event, the ALJ considered Plaintiff's other employment at step four and in determining Plaintiff's RFC, not just her employment as an administrative clerk at the Maloro Company. (*Id.* at 5.)

6

The Court finds that the ALJ did not err in considering Plaintiff's past employment at the Maloro Company for several reasons. To start, the ALJ also found Plaintiff capable of performing her past work at her husband's debt collection company where she was an office manager until 2017. (AR 25, 52, 106.) This more recent employment falls within the requisite fifteen-year period and, thus, the ALJ properly determined the step-four outcome (and RFC) based on Plaintiff's relevant past employment.[3] Thus, the Court finds that substantial evidence in the record supports the ALJ's step-four decision. *Irelan v. Barnhart*, 82 F. App'x 66, 69 (3d Cir. 2003) ("If the Commissioner's findings of fact are supported by substantial evidence, [the Court is] bound by those findings." (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999))).

Equally problematic for Plaintiff, she failed to correct the error during the hearing or raise it before the Appeals Council. (*E.g.*, AR 34-57.) The ALJ originally considered Plaintiff's work at the Maloro Company because the Record listed it as previous employment but did not provide the relevant dates for that employment. (*See* AR 286, Ex. 12D.) Even if, as Plaintiff contends without citing the Record, that her job at the Maloro Company ended in June 2003 rendering it outside the fifteen-year window (Pl.'s Moving Br. 12), Plaintiff missed the boat on timely raising this issue to the ALJ. *See Henry v. Barnhart*, 127 F. App'x 605, 607 (3d Cir. 2005) (claimant carries the burden at step four to present evidence of inability to return to past relevant work). What's more, at the

---

[3] To be sure, if the ALJ did err in considering Plaintiff's employment at the Maloro Company, it was harmless error. Claimants bear the burden of proving not only that an ALJ erred, but that the error was harmful. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). To meet this burden, claimants must show how the error "could have made any difference" to the outcome. *Holloman v. Comm'r of Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016) (quoting *Shinseki*, 556 U.S. at 413). Here, Plaintiff failed to prove that this error was prejudicial because excluding her employment at the Maloro Company had no bearing on the ALJ's overall determination since he also found Plaintiff capable of returning to work at the debt collection company. *See Dynko v. Barnhart*, No. 03-3222, 2004 WL 2612260, at *4 (E.D. Pa. Nov. 16, 2004) (finding that any error by the ALJ in considering untimely employment was harmless because the ALJ also considered the claimant's recent work).

administrative hearing, the ALJ instructed Plaintiff that he could only consider work within the fifteen-year time frame before inquiring into Plaintiff's work at the Maloro Company. (*See* AR 39-40 (ALJ informing Plaintiff that "[t]he law requires [him] to go back [fifteen] years, and so [the ALJ] want[s] to ask [Plaintiff] a little bit about an employer that [she] had named Thomas Maloro.").) Instead of correcting the ALJ, Plaintiff answered the questions, with counsel present. (*Id.* at 36, 39-41.) Plaintiff can hardly claim on appeal, for the first time, that she objects to that testimony. *See Tonti v. Saul*, No. 20-92, 2021 WL 518178, at *3 (W.D. Pa. Feb. 11, 2021) ("[A] claimant who fails to object at the hearing to the testimony of a [vocational expert] waives the right to subsequently object to that testimony and an ALJ has no obligation to address unsolicited post-hearing objections to the [vocational expert's] testimony." (quoting *Murnahan v. Comm'r of Soc. Sec.*, No. 19-1348, 2020 WL 7024847, at *6 (N.D. Ohio Nov. 30, 2020)).

The Court finds no error, as the ALJ's reliance on Plaintiff's more recent employment at step four constitutes substantial evidence and any error in considering Plaintiff's work at the Maloro Company was seemingly acquiesced to by Plaintiff. *See Palmer v. Apfel*, 995 F. Supp. 549, 554 (E.D. Pa. 1998) (concluding that hearing testimony fully supported the ALJ's decision).

**B.    The ALJ Did Not Commit Harmful Error in Failing to Characterize Plaintiff's Past Work as a Composite Job.**

Next, Plaintiff argues that the ALJ failed to appropriately characterize her past work at the debt collection company as a "composite job." (Pl.'s Moving Br. 13.) Jobs that have no counterpart in the DOT because they have "significant elements of two or more occupations" are composite jobs. *Levyash v. Colvin*, No. 16-2189, 2018 WL 1559769, at *11 (D.N.J. Mar. 30, 2018) (citation omitted). Plaintiff contends that, despite the Vocational Expert classifying her office manager duties at the debt collection company as that of an administrative assistant, it involved other tasks, too. (Pl.'s Moving Br. 17.) Specifically, Plaintiff argues that some of the main duties she performed

fit into the classification of an administrative clerk, and thus a determination that her past employment was a composite job was warranted. (*Id.*) The Commissioner contends that this argument is meritless because the ALJ determined Plaintiff could return to her work at the Maloro Company as well, which the Vocational Expert classified as an administrative clerk position. (Def.'s Opp'n Br. 6.) Put differently, because the ALJ found that Plaintiff could perform the work of an administrative clerk *and* an administrative assistant, the Commissioner argues that all relevant job tasks were captured between the two potential positions. The Court agrees.

An ALJ may commit error when calculating a composite job because an ALJ may not "divide a composite job into two jobs and [then] find the claimant capable of performing past relevant work based on the less demanding of the two jobs." *Levyash*, 2018 WL 1559769, at *11 (quoting *Boggs v. Colvin*, No. 13-0111, 2014 WL 1277882, at *10 (M.D. Pa. Mar. 27, 2014)). Under social security regulations, the less onerous job responsibility cannot serve as a bootstrap to ensnare the more demanding work—work that exceeds the claimant's RFC. *See* 20 C.F.R. § 404.1571 (inquiring into whether claimant can still perform the relevant work activities); *Levyash*, 2018 WL 1559769, at *11. Simplifying this further, for a composite job, the ALJ may not determine the requisite exertional level by citing only the less demanding tasks within a job. But that is not what happened here. Here, the ALJ determined that Plaintiff could perform past work as both an administrative assistant and an administrative clerk. (AR 25.) So without applying the label "composite job" to Plaintiff's past work at the debt collection company, the ALJ still functionally determined that she could perform all necessary tasks. (*Compare* AR 25 (the ALJ considered Plaintiff's past jobs, the administrative assistant and administrative clerk roles, and found her capable of performing *both* of them), *with Levyash*, 2018 WL 1559769, at *11-12 (ALJ erred in determining that plaintiff worked "two separate jobs, not a compound job" and chose to

9

only consider the past work from *one* of those jobs).) As such, the ALJ's failure to classify Plaintiff's past employment as a composite job had no bearing on the outcome. *See Standowski v. Colvin*, No. 13-5663, 2015 WL 404659, at *17 (D.N.J. Jan. 29, 2015) (finding the ALJ's erroneous conclusion concerning the plaintiff's composite job was harmless error because the ALJ found plaintiff could work in either occupation). Therefore, the Court finds no action is warranted with respect to this alleged error.

## IV.   CONCLUSION

Having reviewed the Record as a whole, the Court affirms the affirmance of the ALJ's decision by the Administration's Appeals Council. The Court will issue an order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE